Zimmerman, J.
Automatic, in seeking a reversal of the judgment of the Court of Appeals and the rendition of a final judgment in its favor by this court, makes three principal contentions:
1. The contract of January 30, 1950, between the trust and Automatic is illegal and void because the *325 second sentence of paragraph 10 thereof represents an attempt by the trust to enlarge its patent monopoly contrary to public policy and in violation of Section 3 of the so-called Clayton Act (Section 14, Title 15, U. S. Code); hence any attempt by arbitrators to award royalties to the trust under such contract is a nullity.
2. The question of the illegality of the contract could be raised at any time before the arbitration award was made.
3. The award of royalties by the arbitrators being illegal can not be enforced in a court action to confirm the award.
Section 3 of the Clayton Act reads as follows:
“It shall be unlawful for any person engaged in commerce, in the course of such commerce, to * * * make a sale or contract for sale of goods, wares, merchandise, machinery, supplies, or other commodities, whether patented or unpatented, for use, consumption, or resale within the United States * * * on the condition, agreement, or understanding that the * * * purchaser thereof shall not use or deal in the goods, wares, merchandise, machinery, supplies, or other commodities of a competitor or competitors of the * * * seller, where the effect of such * * * sale, or contract for sale or such condition, agreement, or understanding may be to substantially lessen competition or tend to create a monopoly in any line of commerce.”
For convenience, we repeat paragraph 10 of the contract here involved:
“Automatic will commence the production of mufflers as soon as possible, and will use its best endeavors to market and sell to as wide an extent as its facilities permit the mufflers which are the subject matter of this agreement. Automatic agrees that it will not manufacture or sell any muffler other than the *326 Campbell Super Silent automobile engine muffler, and will not, at any time, engage in any business competing therewith. ’ ’
In contending that the second sentence in paragraph 10 renders the contract illegal and unenforceable, Automatic leans heavily on the cases of National Lockwasher Co. v. George K. Garrett Co., Inc. (C. C. A. 3, 1943), 137 F. (2d), 255; McCullough v. Kammerer Corp. (C. C. A. 9, 1948), 166 F. (2d), 759, certiorari denied, 335 U. S., 813, 93 L. Ed., 368, 69 S. Ct., 30; and Park-in Theatres, Inc., v. Paramount-Richards Theatres (D. C., Del., 1948), 81 F. Supp., 466, affirmed, 185 F. (2d), 407, certiorari denied, 341 U. S., 950, 95 L. Ed., 1373, 71 S. Ct., 1017.
The first two of the cases above cited involved suits strictly for patent infringements, and the third included that element. The opinions in all three of the cases contain language, based on the facts of the particular cases, which supports the proposition that a licensing contract, containing a provision whereby the licensee undertakes not to manufacture, sell or use any devices other than those of the patentee, is monopolistic, goes beyond the patent grant, and, contrary to public policy, could result in driving competing devices from the market.
However, we are not here dealing with a patent infringement suit, and Section 3 of the Clayton Act upon which Automatic relies in pressing this appeal would seem not to make such a provision in a contract ipso facto unlawful or unenforceable. The validity or invalidity of such provision depends upon its operative effect. Thus in the case of Pick Mfg. Co. v. General Motors Corp. (1936), 299 U. S., 3, 81 L. Ed., 4, 57 S. Ct., 1, there was challenged the validity of a contract wherein the dealer agreed that he would not sell, offer for sale or use in the repair of a designated make *327 of motor vehicle any part or parts not manufactured or authorized by the motor car manufacturer. Both the United States District Court and the United States Circuit Court of Appeals found as a matter of fact that the effect of the clause had, not been in any way substantially to lessen competition or to create a monopoly in any line of commerce and rendered decrees for the manufacturer; and the Supreme Court affirmed the decree of the United States Circuit Court of Appeals.
In the case of Kay Petroleum Corp. v. Piergrossi (1951), 137 Conn., 620, 79 A. (2d), 829, plaintiff and defendants entered into an exclusive sales contract whereby defendants, for a specified number of years, agreed to purchase from the plaintiff their entire supply of gasoline and oil to be used or sold at their gasoline service station. Defendants breached the contract and plaintiff brought an action to recover damages for such breach, in which it was successful.
Defendants claimed that the contract was violative of Section 3 of the Clayton Act by reason of the restriction not to deal in the gasoline and oil products of anyone other than the plaintiff.
Disposing of this contention the Connecticut Supreme Court of Errors said:
“To bring a case within the section, it is essential that the contract be operative to foreclose competition in a substantial share of the line of commerce affected. * * * In the absence of evidence that a contract is thus effective to preclude competition, there is no basis for considering that it is unlawful under the act. * * * In the instant case, not only were no facts found but no evidence was offered to indicate that this contract was operative to foreclose competition in any degree, let alone to the extent of a ‘substantial share of the line of commerce affected.’ ”
*328 So in the case before us, none of the trust’s mufflers were manufactured for sale and there is nothing to show that the restriction contained in the second sentence of paragraph 10 had any effect in substantially lessening competition or tending to create a monopoly.
It is a matter of common knowledge that there are many different makes of motor car mufflers on the market and in use. Here, the trust’s muffler was never produced commercially and never entered the competitive field.
But assuming that the trust in an action brought by it for patent infringement or to recover royalties or both would be defeated by reason of the second sentence in paragraph 10, it does not follow that such sentence is so pernicious and so inherently bad that its provisions could not be waived in a dispute between the parties with respect to liabilities and obligations under other parts of the contract and which dispute by agreement of the parties was submitted to arbitration under the terms of paragraph 24 of the contract.
Here the parties did agree to arbitration, and arbitrators were chosen as prescribed in paragraph 24. A protracted hearing took place at considerable expense in which a great deal of evidence was introduced and in which each of the parties was represented by counsel. It was not until far into the hearing that Automatic made the claim that the contract was illegal and unenforceable by reason of the second sentence in paragraph 10.
Two of the arbitrators determined, and we think correctly, that Automatic’s claim of illegality came too late, and that it was then estopped from successfully raising that issue. Compare Parks, a Taxpayer, v. Cleveland Ry. Co., 124 Ohio St., 79, 177 N. E., 28.
If Automatic wished to test the legality of the contract, it could and should have brought an action to *329 rescind on the ground of illegality or it could, have refused to arbitrate under the contract thus forcing the trust to call upon the courts under the arbitration statutes (Section 12148-1 et seq., General Code [Section 2711.01 et seq., Revised Code]) to compel Automatic to submit the controversy to arbitrators for disposition.
It is the policy of the law to favor and encourage arbitration and every reasonable intendment will be indulged to give effect to such proceedings and to favor the regularity and integrity of the arbitrator’s acts. 6 Corpus Juris Secundum, 152, Arbitration and Award, Section 1; Corrigan v. Rockefeller, 67 Ohio St., 354, 367, 66 N. E., 95, 98.
In the instant case the arbitrators considered. and decided the questions presented to them with respect to the conflicting claims of the parties under the contract and they did not exceed their powers within the contemplation of subdivision (d) of Section 12148-10, General Code (Section 2711.10, Revised Code).
"We find no error in the judgment of the Court of Appeals, and the same is hereby affirmed.

Judgment affirmed.

Middleton, Taft, Hart and Lamneck, JJi, concur.